UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN L. HASHA,<br><br>             Plaintiff,<br><br>      v.<br><br>MARTIN GAMBOA, et al.,<br><br>             Defendants. | No.  1:24-cv-00744-KES-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>Doc. 21 |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff initiated this action on June 25, 2024.  Doc. 1.  After two screenings, plaintiff filed a second amended complaint on December 13, 2024.  Doc. 19 ("SAC").  Plaintiff alleges three unnamed prison officials ("Doe 1," "Doe 2," and "Doe 3,") violated the Eighth Amendment and First Amendment in how they responded to her report of being raped by another inmate on multiple occasions.  *See generally id.*  On February 19, 2025, the magistrate judge issued findings and recommendations to dismiss the action for failure to state a cognizable claim for relief.  Doc. 21.  The findings and recommendations were served on plaintiff and contained notice that any objections were to be filed within thirty days after service.  *Id.* at 14.  After receiving an

extension of time, plaintiff timely filed objections on March 31, 2025.  Doc. 24.

Plaintiff raises several objections to the findings and recommendations.  As to Doe 1, she contends the magistrate judge mistakenly construed her allegations as a claim under the Prison Rape Elimination Act ("PREA") when she was asserting a claim that Doe 1 retaliated against her by failing to adequately investigate her claims.  She also clarifies that she does not assert an Eighth Amendment failure to protect claim as to Doe 1.  Doc. 24 at 3.

As to Doe 2 and Doe 3, plaintiff argues that the magistrate judge erred in finding that she failed to sufficiently allege First and Eighth Amendment claims that Doe 2 and Doe 3 retaliated against her by being deliberately indifferent to her condition while accompanying her to an outside medical facility for a medical evaluation and rape kit examination.  She contends Doe 2 and Doe 3 were deliberately indifferent by ignoring her requests for water and requests to urinate.  Plaintiff argues that a several-hour delay in receiving water while being transported in July in a non-air conditioned part of a vehicle placed her at substantial risk of serious harm or cause injury in violation of the Eighth Amendment.  She also contends Doe 2 and Doe 3's denial of her request to use the bathroom for twelve hours prior to the medical examination stated a cognizable Eighth Amendment violation.  She also argues that Doe 2 and Doe 3, who are male guards, violated the Eighth Amendment by remaining in the medical room while a female nurse conducted the rape kit examination.

Plaintiff's objections do not undermine the findings and recommendations.  The magistrate judge correctly determined that plaintiff failed to state a claim for retaliation against Doe 1.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).  Here, plaintiff has not adequately alleged that Doe 1 took any adverse action.  To the extent plaintiff's objection is that Doe 1 was verbally dismissive of plaintiff's report, "verbal

2

1  harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C.
2  § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (cleaned up), *overruled in
3  part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).  Plaintiff does
4  not claim that Doe 1 made any threat toward her. *Lipsey v. Goree*, No. 1:17-cv-00997-DAD-JLT
5  (PC), 2018 WL 4638309, at *2 (E.D. Cal. Sept. 26, 2018) (mere threat of harm can constitute
6  adverse action for its chilling effect).

7  To the extent plaintiff characterizes the adverse action as Doe 1's failure to investigate her
8  allegation, that also fails to state a claim. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir.
9  1985)  (per curiam) ("[W]e can find no instance where the courts have recognized inadequate
10 investigation as sufficient to state a civil rights claim unless there was another recognized
11 constitutional right involved.").  Moreover, plaintiff's second amended complaint reflects that
12 certain investigatory steps were taken.  For example, as the findings and recommendations note,
13 plaintiff alleges she was transported to the hospital for the rape kit assessment once she alerted
14 the officers to the rape.  SAC at 8.

15 As to plaintiff's claims against Doe 2 and Doe 3 for lack of water and bathroom access
16 during her transfer to the hospital for the medical evaluation, "only grave deprivations of life's
17 necessities violate the Cruel and Unusual Punishment Clause." *Rhodes v. Chapman*, 452 U.S.
18 337, 348 (1981).  "The circumstances, nature, and duration of a deprivation of these necessities
19 must be considered in determining whether a constitutional violation has occurred." *Johnson v.
20 Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  Plaintiff alleges in the SAC that she was not given
21 water for several hours in a hot van that lacked air conditioning, but she acknowledges that she
22 received water at lunch.  SAC at 8.  This fails to state a claim and appears to be only a temporary
23 deprivation of water. *Salinas v. Cnty. of Kern*, 1:18-cv-00235-BAM (PC), 2018 WL 5879703, at
24 *4 (E.D. Cal. Nov. 7, 2018) (denial of water for nine hours insufficient for Eighth Amendment
25 violation).  While plaintiff alleges that she was denied bathroom access for twelve hours during
26 the transfer, she does not allege that she suffered any injury from the delay or sufficiently allege
27 that the delay placed her at substantial risk of suffering serious harm.  The Court therefore need
28 not resolve whether twelve hours without bathroom access might raise a constitutional concern

under other factual circumstances. Accordingly, dismissal of plaintiff's Eighth Amendment claims for the temporary lack of access to water and bathroom facilities is also warranted.

As to plaintiff's complaints regarding Doe 2 and Doe 3's presence in the hospital exam room and their viewing of her during the rape kit examination, the magistrate judge correctly concluded that plaintiff failed to state an Eighth Amendment claim. The rape kit examination was performed by a hospital employee and plaintiff does not allege that Doe 2 or Doe 3 physically touched her or made any statements to her during the examination. "The issue is whether officers regularly or frequently observe unclothed inmates of the opposite sex without a legitimate reason for doing so." *Price v. Sutton*, 2020 WL 4922502, at *4 (E.D. Cal. Aug. 21, 2020). Here, Doe 2 and Doe 3 were assigned to accompany plaintiff to the hospital for the medical examination. "Assigned positions of [opposite gender] guards that required only infrequent or casual observation . . . of unclothed [opposite gender] prisoners and that are reasonably related to prison needs are not so degrading as to warrant court interference." *Id.*

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of the case. Having carefully reviewed the file, including plaintiff's objections, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued February 19, 2025, Doc. 21, are ADOPTED IN FULL;
2. This matter is DISMISSED for failure to state a cognizable claim for relief; and
3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   June 19, 2025

_____
UNITED STATES DISTRICT JUDGE

4